IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DWIGHT WILEY, II,** | : | **CIVIL NO. 1:10-CV-01481** |
| **Plaintiff** | : | **(Judge Rambo)** |
| v. | : | |
| **MRS. MOTTER, et al.,** | : | |
| **Defendants** | : | |

# M E M O R A N D U M

Plaintiff Dwight Wiley, II ("Wiley"), an inmate currently confined at the State Correctional Institution at Rockview in Bellefonte, Pennsylvania, filed this civil rights complaint pursuant to 42 U.S.C. § 1983 on July 19, 2010. (Doc. 1.) Named as Defendants are Jacqueline Motter and Thomas Duran, Deputy Warden and Warden, respectively, of Wiley's former place of confinement, the Clinton County Correctional Facility ("CCCF") in McElhattan, Pennsylvania. In his complaint, Wiley asserts that he was denied access to CCCF's law library in order to do legal research related to his underlying criminal proceedings in the Court of Common Pleas of Philadelphia County, Pennsylvania ("Philadelphia trial court"), essentially an access to the courts claim.

Before the court is a motion for summary judgment, filed on behalf of Defendants. (Doc. 34.) For the reasons set forth below, the motion for summary judgment will be granted.

## I.     **Background**

In his complaint, Wiley asserts that at CCCF he was only permitted to go to the law library once a month in order to pursue his appeal in an underlying criminal case, to which he does not specifically cite. (Doc. 1 at 2-3.) He also claims that the law library had "no law books and the computer system is out of date." (*Id*. at 3.)

In their motion for summary judgment, Defendants assert that Wiley has failed to assert an access to the courts claim because he did not allege an actual injury, such as the loss or rejection of a legal claim. (Doc. 37 at 7.) Specifically, Defendants claim that Wiley has failed to reference a specific case or legal issue in which he has an actual interest. (*Id*. at 3.) In response, Wiley asserts that CCCF's lack of legal research material, lack of persons trained in law to assist him, insufficient law library time, and failure to upgrade the law library's computer system, caused his filed-PCRA petition to be denied by the Philadelphia trial court in criminal case *Commonwealth v. Wiley*, CP-51-CR-0014504-2007. (Doc. 41 at 1.) Attached to his brief in opposition is a portion of the criminal docket in the Philadelphia trial court which indicates that the issues raised in Wiley's PCRA petition are without merit. (*Id*. at 3.)

Upon review of Wiley's brief in opposition, by order dated June 7, 2011, the court directed Defendants to submit additional briefing addressing Wiley's claim with respect to his case before the Philadelphia trial court. (Doc. 44.) In response, Defendants filed a brief in opposition arguing against the merits of Wiley's access to

the courts claim, but also raising subject matter jurisdiction and lack of ripeness arguments. (Doc. 45.) In addition, Defendants have filed as an exhibit the docket sheet for Wiley's case in the Philadelphia trial court, as well as the docket sheet for Wiley's appeal in the Superior Court of Pennsylvania. (Docs. 45-1, 45-2.) In his reply to Defendants' additional briefing, Wiley requests that the court permit him leave to amend his complaint. (Doc. 49.) Upon review of the merits of the complaint and consideration of the instant motion for summary judgment, the court concludes that granting leave to amend would prove futile. *See Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004) ("Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility."). Thus, the court will discuss the merits of the case herein.

## II.   Standard of Review

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *accord Saldana v. Kmart Corp.*, 260 F.3d 228, 231-32 (3d Cir. 2001). A factual dispute is "material" if it might affect the outcome of the suit under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is "genuine" only if there is a sufficient evidentiary basis that would allow a

reasonable fact-finder to return a verdict for the non-moving party. *Id*. The court must resolve all doubts as to the existence of a genuine issue of material fact in favor of the non-moving party. *Saldana*, 260 F.3d at 232; *see also Reeder v. Sybron Transition Corp.*, 142 F.R.D. 607, 609 (M.D. Pa. 1992).

Once the moving party has shown that there is an absence of evidence to support the claims of the non-moving party, the non-moving party may not simply sit back and rest on the allegations in its complaint. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Instead, it must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* (internal quotations omitted); *see also Saldana*, 260 F.3d at 232 (citations omitted). Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "'Such affirmative evidence – regardless of whether it is direct or circumstantial – must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance.'" *Saldana*, 260 F.3d at 232 (quoting *Williams v. Borough of West Chester*, 891 F.2d 458, 460-61 (3d Cir. 1989)).

**III.  Discussion**

4

A plaintiff, in order to state a viable § 1983 claim, must plead two essential elements: 1) that the conduct complained of was committed by a person acting under color of state law, and 2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution and laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988). A defendant's conduct must have a close causal connection to plaintiff's injury in order for § 1983 liability to attach. *Martinez v. California*, 444 U.S. 277, 285 (1980).[1] A prerequisite for a viable civil rights claim is that a defendant directed, or knew of and acquiesced in, the deprivation of a plaintiff's constitutional rights. *E.g.*, *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694-95 (1979); *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1082 (3d Cir. 1976). Liability may not be imposed under § 1983 on the principle of respondeat superior. *Capone v. Marinelli*, 868 F.2d 102, 106 (3d Cir. 1989).

In order to prove a violation of the right of access to the courts, an inmate must not only establish that he was denied access to the courts but also that he suffered "actual injury," *i.e.*, that "the alleged shortcomings in the library . . . hindered his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). In the instant case, Wiley asserts that he has a legal claim challenging his conviction, but was unable to properly present it to the PCRA court due to the inadequacies of

---

[1] The Court in *Martinez* explained: "Although a § 1983 claim has been described as 'a species of tort liability,' *Imbler v. Pachtman*, 424 U.S. 409, 417 [(1976)], it is perfectly clear that not every injury in which a state official has played some part is actionable under that statute." *Martinez*, 444 U.S. at 285.

CCCF's law library and legal assistance program. (Doc. 41 at 2.) However, Wiley again has failed to articulate this claim, and it is not apparent from his briefing if he is asserting that he waived the claim because of his inability to raise it during his collateral appeal in state court. Nevertheless, in order to establish an actual injury, a claim must be non-frivolous. *Lewis v. Casey*, 518 U.S. 343, 349-55 (1996); *see also Oliver v. Fauver*, 118 F.3d 175, 177-78 (3d Cir. 1997). Here, Wiley has failed to provide any evidence that his claim was non-frivolous. As a result, there is nothing to suggest that the outcome of Wiley's collateral appeal would have been different had his non-frivolous claim been asserted or properly presented. In fact, the Philadelphia trial court addressed all of the claims presented by Wiley and found them to be meritless. Therefore, Wiley has failed to establish an actual injury.

Even assuming *arguendo* that Wiley was able to establish that he suffered an actual injury, he would also need to show that he did not have "meaningful" access to the courts in order to establish a constitutional violation. Prison officials must provide inmates with the resources necessary to present valid claims to the judiciary. *Lewis*, 518 U.S. at 349-55. These resources most often take the form of a law library or legal assistance, but the Constitution permits prison officials to employ other alternatives that ensure inmates "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Bounds v. Smith*, 430 U.S. 817, 825 (1977), *quoted in Lewis*, 518 U.S. at 351 (stating hat prisoners do not enjoy an

"abstract, freestanding right to a law library or legal assistance").  One such alternative could be providing the inmate with court-appointed counsel.  *Bounds*, 430 U.S. at 828 (holding that providing an inmate with "adequate assistance from persons trained in the law" would satisfy the requirement of access to courts); *accord United States v. Chatman*, 584 F.2d 1358, 1360 (4th Cir. 1978) (stating that prisoners do not have the option to choose "the form which [legal] assistance will take").

Here, even viewing the evidence in a light most favorable to Wiley, the court finds no indication that Wiley was denied "meaningful" access to the courts.  After Wiley filed his PCRA petition *pro se*, the Philadelphia trial court appointed counsel for purposes of the PCRA proceedings.  (Doc. 45-1 at 5.)  Certainly Wiley's counsel would have had access to the legal materials to which Wiley claims he was denied access and, upon conferring with his client, would have sought leave to amend the PCRA petition should Wiley wish to present a non-frivolous claim.[2]  Counsel represented Wiley for over seven months prior to filing a motion to withdraw and "no-merit" letter based on the grounds that Wiley's appeal was frivolous or otherwise lacking in merit.  (*Id*. at 7.)  Furthermore, since the Philadelphia trial court denied Wiley's PCRA petition as meritless, Wiley timely appealed to the Pennsylvania

---

[2] Wiley is not claiming ineffective assistance of counsel in the instant complaint.  In fact, Wiley failed to mention anywhere in his complaint that he was granted appointment of counsel for purposes of his state court proceedings.

7

Superior Court while housed at CCCF.[3] (Doc. 45-1 at 8.) This appeal is currently pending. Wiley's ability to continue to litigate his criminal case *pro se* is further indication that he has retained "meaningful" access to the courts. Thus, for these reasons, Wiley's claim cannot proceed, and the court will grant summary judgment in favor of Defendants.

    An appropriate order will issue.

                                      s/Sylvia H. Rambo  
                                      United States District Judge

Dated: September 1, 2011.

---

[3] In his complaint, Wiley does not allege that he missed a deadline or failed to comply with a procedural requirement, which caused the Philadelphia trial court to dismiss his PCRA petition.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DWIGHT WILEY, II,** | : | **CIVIL NO. 1:10-CV-01481** |
| **Plaintiff** | : | **(Judge Rambo)** |
| v. | : | |
| **MRS. MOTTER, et al.,** | : | |
| **Defendants** | : | |

## **O R D E R**

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1) Defendants' motion for summary judgment (Doc. 34) is **GRANTED** in favor of Defendants.

2) The Clerk of Court is directed to **ENTER** judgment in favor of Defendants and against Plaintiff.

3) The Clerk of Court is further directed to **CLOSE** this case.

4) An appeal from this order is **DEEMED** frivolous and not in good faith.  See 28 U.S.C. § 1915(a)(3).

                                                        s/Sylvia H. Rambo
                                                        United States District Judge

Dated:  September 1, 2011.