IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DWIGHT WILEY,** | : | **CIVIL NO. 1:10-CV-01481** |
| **Plaintiff** | : | **(Judge Rambo)** |
| **v.** | : | |
| **MRS. MOTTER, et al.,** | : | |
| **Defendants** | : | |

**FILED**
HARRISBURG, PA

MAR 0 1 2012

MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

## M E M O R A N D U M

Before the court is Plaintiff Dwight Wiley's motion for reconsideration of the court's memorandum and order of September 1, 2011 (Doc. 50), granting summary judgment in favor of Defendants and closing the case. (Doc. 53.) For the reasons that follow, the instant motion (Doc. 53) will be denied.

## I.   Background

Plaintiff, an inmate incarcerated at the State Correctional Institution at Rockview in Bellefonte, Pennsylvania, initiated this action with a civil rights complaint pursuant to 42 U.S.C. § 1983 on July 19, 2010. (Doc. 1.) In the complaint, Plaintiff asserted an access to the courts claim, alleging that he had been denied the use of legal research materials at his former place of confinement, the Clinton County Correctional Facility ("CCCF") in McElhattan, Pennsylvania. After the pleadings were completed, Defendants filed a motion for summary judgment, seeking judgment

in their favor because Plaintiff had failed to state an access to the courts claim. (*See* Doc. 34.) On September 1, 2011, the court granted the motion for summary judgment in favor of Defendants. (*See* Doc. 50.) In that order, the court determined that not only did Plaintiff not establish an actual injury, but also that he did not show that he did not have "meaningful" access to the courts. Because Plaintiff failed to establish a constitutional violation, summary judgment was granted in favor of Defendants. Further, the court determined that because he did not establish an access to the courts claim, granting leave to amend the complaint would prove futile.

Consequently, Plaintiff has filed the instant motion for reconsideration. (Doc. 53.) In his motion, Plaintiff argues that the case should be reopened in order to afford him the opportunity to amend his complaint. After careful review, the court will deny the motion.

## II.   **Discussion**

A motion for reconsideration is a device of limited utility. Its purpose is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior

2

to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate in instances where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Rohrbach v. AT&T Nassau Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995), *vacated in part on other grounds on reconsideration*, 915 F. Supp. 712 (M.D. Pa. 1996) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. *Drysdale v. Woerth*, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

3

Applying the standard used when a party seeks reconsideration, the court concludes that Plaintiff has not demonstrated any of the applicable grounds for reconsideration. Initially, the court finds no intervening change in controlling law and no error of law or fact. Additionally, Plaintiff's arguments in favor of amending his original complaint do not constitute new evidence that was unavailable when the court determined that an amendment would be futile and instead entered judgment in favor of Defendants. While Plaintiff may disagree with the findings and outcome, the court finds no basis to reconsider the earlier decision. Accordingly, the motion for reconsideration will be denied.

An appropriate order will issue.

SYLVIA H. RAMBO
United States District Judge

Dated: March       , 2012.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DWIGHT WILEY,                    :      CIVIL NO. 1:10-CV-01481
                                 :
      **Plaintiff**               :      (Judge Rambo)
                                 :
  **v.**                        :
                                 :
MRS. MOTTER, *et al.*,           :
                                 :
      **Defendants**             :

## O R D E R

For the reasons set forth in the accompanying memorandum, **IT IS HEREBY**

**ORDERED THAT** the motion for reconsideration (Doc. 53) is **DENIED**.


_____
SYLVIA H. RAMBO
United States District Judge



Dated: March     , 2012.